MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
The court quite rightly begins its consideration of this case with the observation that federal courts are courts of limited jurisdiction and may adjudicate only such cases as Congress, in the exercise of its constitutional authority, assigns to them. I respectfully dissent, however, from the court’s conclusion that there is federal jurisdiction in the present circumstances.
The court rests its view that a federal court may entertain this case on 47 U.S.C. § 252(e)(6), which confers jurisdiction “[i]n any case in which a State commission makes a determination under this section.” The “determination” referred to here must surely be one made with respect to whether a negotiated agreement ought to be approved. Since that issue, as everyone recognizes, is not involved in this case, federal courts simply have no jurisdiction in the matter.
The court finds federal jurisdiction because it believes that state public service commissions necessarily have jurisdiction to enforce the agreements that it approves. I doubt that. There is nothing in the statute that so provides, and, indeed, the Arkansas Public Service Commission believes, and for good reason, that federal law does not give it such jurisdiction. Even if it did, a state public service commission’s order involving the enforcement of an approved agreement would still not be reviewable by a federal court, because it would not be the kind of “determination” to which 47 U.S.C. § 252(e)(6) applies. That section quite plainly refers only to determinations of whether to approve a negotiated agreement. There is, I recognize, language to the contrary in Iowa Utilities Board v. Federal Communications Commission, 120 F.3d 753, 804 n. 24 (8th Cir.1997), aff'd in part, rev’d in part, AT & T Corp. v. Iowa Utilities Board, 525 U.S. 366, 119 S.Ct. 721, 142 L.Ed.2d 835 (1999), but I believe that that language is only dictum.
Nor, as I see it, is this a case that arises “under the ... laws ... of the United States,” so as to be actionable in federal courts under our general federal-question jurisdiction. See 28 U.S.C. § 1331. What federal law does here is give the parties the authority to contract. That does not mean that federal law gives the right of action in case of a breach; presumably, state law does that. This case therefore does not arise under federal law. Even if it could be said that federal claims in the circumstances of this case would not be “wholly insubstantial and frivolous,” Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 (1946), so that, strictly speaking, there is federal jurisdiction to hear the matter, the action would still have to be dismissed for failure to state a claim on which relief could be granted. See, e.g., Jackson Transit Authority v. Local Division 1285, Amalgamated Transit Union, 457 U.S. 15, 21 n. 6, 102 S.Ct. 2202, 72 L.Ed.2d 639 (1982). What law supplies the rule of decision in deciding how to interpret the relevant agreement would be a question for the state courts or agencies in which this action belongs to decide. It might well be state law or it might be federal common law, but in any case the principles would likely be the same, or virtually identical, because of the general uniformity of the contract principles applied throughout the country in state and federal courts alike.
*950 The court points out that federal law may be dispositive of the claim before us, but the mere fact that a federal-law question has to be decided in the course of an adjudication is hardly enough to make a case a federal one under 28 U.S.C. § 1331. Federal questions arise all the time in state court proceedings, but, ordinarily, such questions are determined in the state courts with the ultimate possibility of review in the Supreme Court. That is what the Supremacy Clause, see U.S. Constitution, art. VI, cl. 2, is all about. If every person who disagrees with a state agency’s determination of federal law had a claim in federal court, we would be dealing with little else.
In short, I believe that the district court got it right, and I would affirm on the basis of its well-reasoned opinion.
I therefore respectfully dissent.